UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAWNY G. LITTLE,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

CASE NO. C13-1313-BAT

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND EXPENSES**

Tawny G. Little, the prevailing party in this Social Security disability appeal, moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorney's fees of $19, 825.37 and expenses of $653.29. Dkt. 37. The Commissioner opposes the motion, arguing that no fees should be awarded because her position was substantially justified. Dkt. 39. The Court rejects the Commissioner's arguments and **GRANTS** plaintiff's motion.

## DISCUSSION

The EAJA authorizes payment of attorney's fees to a prevailing party in an action against the United States, unless the court finds that the government's position on the merits in the litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). To show that its position was "substantially justified" the government must demonstrate that its position had a reasonable basis in both law and fact at each stage of the proceedings, including both the government's litigation

position and the underlying agency action giving rise to the civil action. *Tobeler v. Colvin,* 749 F.3d 830, 832–34 (9th Cir. 2014). Where the underlying agency decision was not substantially justified, the court need not address whether the government's subsequent litigation position is justified. *Meier v. Colvin*, 727 F.3d 867, 872-3 (9th Cir. 2014).

In this case, the government must show that its position was substantially justified in the ALJ decision denying benefits, at the district court level, where this Court affirmed the ALJ's decision and denied Ms. Little's subsequent motion to amend the judgement, and on appeal, where the Ninth Circuit reversed this Court's decision with instructions to remand this case for further administrative proceedings. The Commissioner argues that her position at the district court level was substantially justified as demonstrated by her repeated success, with this Court affirming the ALJ's decision and denying Ms. Little's motion to amend the judgment. Dkt. 39 at 2. The Commissioner argues that she was substantially justified on appeal because the Ninth Circuit reversed on an issue that Ms. Little did not raise at the district court level and did not properly identify on appeal. *Id.* at 2-3. The Commissioner does not address whether the ALJ's decision was substantially justified.

Here, the Ninth Circuit found that the ALJ erroneously (1) included two occupations that Ms. Little could not perform in her determination that Ms. Little was not disabled, (2) considered Ms. Little's age at the time of her application, rather than at the time of the ALJ's decision, and (3) failed to consider whether to place Ms. Little in a higher age bracket because she was just five months shy of that bracket; the court concluded that these errors were not harmless because (1) the remaining jobs did not exist in significant numbers either regionally or nationally, and (2) placing Ms. Little in the next age bracket would affect the disability determination. Dkt. 32. The Ninth Circuit's decision shows that the ALJ's decision did not have a reasonable basis in law or

fact. Because the underlying agency action was not substantially justified, the Court **GRANTS** Ms. Little's motion.

The Commissioner did not object to the amount of fees Ms. Little requested. The Court has reviewed Ms. Little's motion and supporting declarations and the record, and finds the amount requested is reasonable.

The Court therefore **ORDERS** the Commissioner to pay Ms. Little attorney's fees of **$19,825.37**, and expenses of **$653.29**. Subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), payment of this award shall be made via check sent to Richard Baum's address: 114 W. Magnolia St., Ste. 400, #137, Bellingham, WA 98225.

After the Court issues the order for EAJA fee, the Commissioner will consider the matter of Ms. Little's assignment of EAJA fees to her attorney. Pursuant to *Astrue v. Ratliff*, the ability to honor the assignment will depend on whether the EAJA fee is subject to any offset allowed under the Treasury Offset Program. The Commissioner is directed to contact the Department of Treasury after the order for EAJA fee is entered to determine whether the EAJA fee is subject to any offset. If the EAJA fee is not subject to any offset, the EAJA attorney fee will be paid directly to the order of Ms. Little's attorney Richard Baum.

DATED this 29th day of August, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION FOR ATTORNEY'S FEES AND EXPENSES - 3